73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony M. GIVINGS, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 95-6211.
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1996.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN, Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument. We grant a certificate of probable cause and right to proceed in forma pauperis in order to reach the merits of the appeal.
 
 
 2
 Petitioner Anthony M. Givings, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He contends that his trial and appellate counsel were constitutionally inadequate based upon trial counsel's failure to preserve or object and appellate counsel's failure to pursue on appeal certain alleged issues, principally concerning his claim that he stabbed the victim in self-defense. He also argues that the district court abused its discretion in not appointing counsel to represent him in this postconviction proceeding.
 
 
 3
 We hold that the district court did not abuse its discretion in failing to appoint counsel to represent petitioner in his postconviction proceedings. There is no constitutional right to counsel in postconviction proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991); McClesky v. Zant, 499 U.S. 467, 495 (1991). A review of the contentions and the entire record convinces us that an attorney would not be able to present any better arguments than those made by petitioner.
 
 
 4
 The facts and law applicable to this case are accurately discussed in the magistrate judge's Second Supplemental Findings and Recommendation of April 7, 1995, which was adopted by the district court. We AFFIRM for substantially the reasons stated therein.
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470